UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDY MACKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 4:09-CV-1159 (CEJ) |
| | ) |
| ACL TRANSPORTATION LLC, at el., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). Plaintiff has not filed a response to the motion and the time allowed for doing so has expired.

### I. Background

Plaintiff is a male citizen of the State of Missouri, who is over the age of forty. Defendant ACL Transportation Services LLC (ACL) is a limited liability company registered in the State of Delaware. ACL employed (1) defendant Stacey Barry (Barry) as its Director of Human Resources and (2) plaintiff as a terminal operator on the midnight shift. Plaintiff was a member of the United Mine Workers Union Local 2452 (the Union), which entered into a collective bargaining agreement with ACL, which expired on July 15, 2008.

In October 2007, Barry hired a foreman on the midnight shift. The foreman suspended plaintiff for using a curse word, and plaintiff was placed on probation for two years. In order to return to work, plaintiff signed a "last chance agreement," which allowed ACL to terminate plaintiff's employment for any

violations that occurred during his probation period.

On June 25, 2008, Barry conducted a random drug test. As such, plaintiff was required to undergo a breath test and to submit a urine sample. On July 2, 2008, ACL informed plaintiff that his urine sample tested positive for benzodiazepine, which constituted a violation of ACL's substance abuse policy. The policy provides that:

> [I]f the substance determined to be present in the urine sample is not a controlled substance and not a violation of chapter 195 RSMO [sic], then said substance must impair the work performance of an employee in order to constitute a violation of Defendant ACL's substance abuse policy.

(Doc. #3, at 4-5).

On July 9, 2008, ACL terminated plaintiff's employment.

On February 9, 2009, plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights (MCHR), alleging that ACL and Barry wrongfully terminated him and replaced him with a younger employee. On April 14, 2009, the MCHR issued plaintiff a Notice of Right to Sue. Then, on June 19, 2009, plaintiff filed suit in the Circuit Court of the City of St. Louis, Missouri, asserting claims of (1) unlawful employment practices, in violation of the Missouri Human Rights Act (MHRA); and (2) tortious interference with a contract. On July 22, 2009, defendants removed the action to this Court, asserting jurisdiction based on diversity of citizenship. See 28 U.S.C. §§ 1332 and 1446.

II. Discussion

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual

allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

### A. Count I: Violation of the Missouri Human Rights Act

"Before initiating a civil action under the MHRA, a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994). Under the MHRA, the aggrieved party must file a verified complaint in writing within 180 days of the alleged act of discrimination. See MO.REV.STAT. § 213.075(1).

In the instant action, plaintiff alleges that ACL terminated him on the basis

of age in violation of the MHRA on July 9, 2008. Plaintiff admits that, two hundred fifteen days later, on February 9, 2009, he filed his charge of discrimination with the MCHR. As such, the Court finds that plaintiff's MHRA claim is time-barred. Thus, the Court will dismiss Count I of plaintiff's complaint.

### B. Count II: Tortious Interference with a Contract

Plaintiff alleges in Count II of his complaint that "Defendant ACL['s] and Defendant Barry's actions in suspending [him] for fifteen days for using a curse word and for improperly terminating him for the presence of benzodiazepine in his urine . . . tortiously interfered with [his] contractual rights under the aforesaid union contract" (Doc. #3, at 7).

"Under Missouri law, 'tortious interference with a contract or business expectancy requires proof of: (1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages.'" Sales Res., Inc. v. Alliance Foods, Inc., Nos. 4:08cv0732 TCM, 4:09cv0666 TCM, 2009 WL 2382365, *5 (E.D. Mo. July 30, 2009) (citing Rice v. Hodapp, 919 S.W.2d 240, 245 (Mo. 1996) (en banc)). "Additionally, a claim for tortious interference with contractual relations contemplates interference from a third party, not from a party to the contract itself." Fields v. R.S.C.D.B., Inc., 865 S.W.2d 877, 879 (Mo. Ct. App. 1993) (citing White v. Land Clearance for Redev. Auth., 841 S.W.2d 691 (Mo. Ct. App. 1992)). "An officer or agent acting for [a] corporation is the corporation for purposes of" a claim for tortious interference with a contract. Fields, 865 S.W.2d at 879. "For a corporate officer [or agent] to be

liable for tortiously interfering with a contract of a corporation, he or she must not only have acted out of self interest[,] but he or she must also have used an improper means." Meyer v. Enoch, 807 S.W.2d 156, 159 (Mo. Ct. App. 1991).

Because ACL was a party to the collective bargaining agreement with the Union, it cannot be held liable for tortiously interfering with its own contract. Likewise, as ACL's Director of Human Resources, Barry acted as an agent for ACL when he suspended and subsequently discharged plaintiff.[1] The record contains no allegations that personal interests motivated Barry's employment decisions. As such, the Court finds that plaintiff has failed to allege a claim for common law tortious interference with a contract. Therefore, the Court will dismiss Count II of plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants ACL Transportation Services LLC and Stacey Barry to dismiss the complaint [Doc. #7] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2009.

---

[1] The parties agree that Barry is an agent of ACL. See (Doc. #3, at 2-3; #7, at 2).